44594. HODGES v. YOUMANS et al.

WHITMAN, Judge. The plaintiff below, R. B. Hodges, brought an action for damages naming 23 individuals as defendants. The complaint was drawn in four counts. All of the defen-

dants filed motions to dismiss the complaint for failure to state claims for which relief could be granted and all the motions were sustained. The plaintiff has appealed, enumerating the dismissal of his complaint as error.

The complaint is very lengthy. Count 1 contains 45 allegations alleging in substance that Hodges owned a 5½ acre tract of land in Chatham County zoned "R-A," meaning that it could be used for a trailer park; that he applied for and received a building permit on October 29, 1968, to build a trailer park; that he commenced construction on November 2, 1968; that $6,500 had been expended and construction was 75% completed when on November 15, 1968, four of the named defendants filed a suit, individually and on behalf of the area's residents and home owners, in the superior court, asking for a restraining order against further construction and a restraining order was issued on that date at 6:30 p.m.

It is further alleged that those plaintiffs knew the area was zoned for trailer parks and knew that he (Hodges) had been issued a building permit and that to bring the action without apprising the court of such facts constituted a fraud on both the court and Hodges; that those plaintiffs deliberately omitted such facts so that it would appear that Hodges was proceeding outside the law; that their complaint contained libelous, deliberate distortions of truth which humiliated and embarrassed Hodges and his wife; that there was no basis in law or fact for their action, and when a hearing was held a week later on the restraining order, a verdict was directed for Hodges and a judgment taken on November 22, 1968, concluding the matter.

Hodges further alleges that notwithstanding that the restraining order matter concluded in his favor, some person on that same afternoon, i.e., November 22, contacted defendant Fred Wessels, Jr., a Chatham County Commissioner, and "instigated the issuance of a 'stop-work order'" which threatened his arrest if he did not immediately discontinue the trailer park's construction, and he therefore stopped work; that on November 25, 1968, the stop-work order was rescinded and he again commenced work.

Hodges also alleges that he had applied for a trailer park business license and a hearing on his application was scheduled for November 27, 1968, but that on November 26, 1968,

defendant William McNeal, who is also a county commissioner, came to him in an arrogant manner and informed him that the parties did not want the trailer park built and asked him whether he would stop its construction if they paid him for his costs; that the next day his application for the business license was denied and, further, after he had left the meeting, the same three commissioners who voted to deny the business license then voted to revoke his previously issued building permit, thereby again disrupting construction and causing damages; that he tried to get relief by going before the commissioners on December 13th, 20th and 27th; that the two defendant commissioners were determined not to permit completion of the trailer park and were instrumental in denying him that right.

Hodges alleges that he then filed a mandamus action against the county commissioners; that those persons who had brought the previously mentioned November 15th restraining order action filed pleadings in his mandamus action making themselves defendants, and then filed answers therein which again contained deliberate, callous distortions of fact which were libelous, known to be false, and were alleged for the purpose of humiliating and embarrassing him; but that the superior court ruled on January 6, 1969, that the previously issued building permit of October 29, 1968, was valid, and temporarily enjoined the commissioners from interfering with the construction.

Hodges further alleges that he again applied for a business license and this matter came up for a hearing on January 10, 1969. But again, he alleges, those persons who were plaintiffs in the November 15th restraining order action and who had intervened in his December 3rd mandamus action retained the services of the same attorney and opposed his application, knowing that their action was illegal, malicious and without legal standing; that it was their intention to harm plaintiff and their actions in this regard have been successful. But on the license hearing Commissioner McNeal was the only vote against the license and with the term of Commissioner Wessells having expired on December 31, 1968, the vote was four in favor of the motion to grant the 1969 license.

It is alleged as follows: "That the action of defendants herein who were parties in the suit against plaintiff filed November 15, 1968 . . . constituted the use of civil process against plaintiff without probable cause. . ."

There are other allegations in Count 1 addressed to damages.

Count 2 incorporates all the allegations of Count 1 and further alleges: "That the action on the part of defendants to offer to purchase plaintiff's property, to offer to pay him monies expended, to use threats of arrest, to use political pressure and intimidation and in general to coerce him to discontinue the construction of his trailer park amounted to malicious abuse of process."

Count 3 incorporates all the allegations of Counts 1 and 2, and further alleges: "That the libelous and distorted statements published in various papers filed by defendants in court and before the Chatham County Commission were not true, that these statements were made in concert and was part of the general scheme of defendants to prevent plaintiff from operating his trailer park. That rumors and untrue statements were circulated in the neighborhood in an effort to gain support to prevent plaintiff from doing something which he had a legal right to do, which right was known to defendants."

Count 4 incorporates the allegations of all the previous counts, and further alleges: "That the action of the defendant commissioners in denying plaintiff's license for 1968 and acting to revoke his building permit was done deliberately, oppressively, maliciously, corruptively and outside the authority of the law. The acts of defendants constituted wantonness in total disregard to his health, his well-being, his wife's health and the plaintiff's property rights. That the actions on the part of the defendants herein were done in concert, and was a conspiracy which was intended either deliberately to harm plaintiff or such wantonness and recklessness was involved that the natural result would be that plaintiff would be damaged, as he was in fact."

The question for decision is whether the complaint states claims for which relief may be granted. *Held:*

"Under the new procedure a complaint must give a defendant notice of the claim in sufficiently clear terms to enable him to frame a responsive pleading. . . But it need only state a claim, and does not have to allege facts sufficient to set forth a cause of action. . . The complaint should be construed in the light most favorable to plaintiff with all doubts resolved in his favor; he is entitled to the most favorable inferences that can reasonably be drawn from the complaint, even if contrary inferences are also possible. *Harper v. De-*

*Freitas,* 117 Ga. App. 236, 238 (160 SE2d 260). A complaint which contains alternative statements of the claim will not be dismissed if any one alternative statement supports the claim. *Code Ann.* § 81A-108 (e) (2). Under the notice system of pleading the ancient distinction between pleading 'facts' and 'conclusions' is no longer significant; the question is simply whether there is 'a short and plain statement of the claim' as required by *Code Ann.* § 81A-108 (a)." *Bazemore v. Burnet,* 117 Ga. App. 849, 852 (161 SE2d 924).

Count 1 asserts the use of civil process against appellant without probable cause. Count 2 asserts there was a malicious abuse of civil process. Count 3 is for libel. Count 4 asserts that there was either a conspiracy to deliberately harm plaintiff or that there was such wantonness and recklessness involved in the defendants' conduct that the damage done to plaintiff was the natural result.

The appellees have set forth many reasons why they believe the action should fall, for example, that some of the defendants were public officials acting in such capacity and immune from plaintiff's claims; and that any examination of the pleadings in the action which plaintiff contends was use of process without probable cause would reveal that plaintiff's claim has no basis. We are not concerned with what might be so shown or developed in defense to plaintiff's claims. We are concerned only with what the complaint states and what might be proven thereunder and nothing else. It does state claims for which relief may be granted. There is ample room within the framework of the complaint for introducing evidence which would support a recovery and that is all that is required.

It is pointed out by appellees that the decisions under the Federal Rules of Civil Procedure, after which our rules are patterned, generally require more than a general allegation of conspiracy. "It is not enough merely to state that a conspiracy has taken place. Where possible, there should be some details of time and place and the alleged effect of the conspiracy. This is not to say that the pleader must plead his evidence; further details may be secured by means of discovery, and related devices. Moreover, great leeway should be allowed the pleader, since by the nature of the conspiracy, the details may not be readily known at the time of the pleadings." 2A Moore's Federal Practice, § 8.17 [5],

p. 1759. Even under our old demurrer practice, conspiracy could be pleaded in general terms. *Bishop v. Peoples Loan &c. Corp.*, 101 Ga. App. 53, 57 (113 SE2d 161). In our view the complaint in the present case states a claim for relief in this regard.

Our opinion in this matter intimates no right whatsoever of the plaintiff to recover on his claims. The right of recovery is a matter of proof and, as in any case, such proof must include evidence supporting all the common law elements required of any particular tort.

It was error to grant the defendants' motions to dismiss the complaint for failure to state a claim for which relief could be granted.

*Judgment reversed. Jordan, P. J., and Hall, J., concur.*
ARGUED JULY 9, 1969—DECIDED NOVEMBER 24, 1969—
REHEARING DENIED DECEMBER 12, 1969—

*Fritts & Silverman, David H. Fritts*, for appellant.

*Joseph B. Bergen, Rogers, Terry & Coolidge, Herman Coolidge, Brannen, Clark & Hester, Perry Brannen, Sr., Bouhan, Williams & Levy, Frank W. Seiler, Charles Henry Wessels, George H. Chamlee, Solms, Gannam, Head & Buchsbaum, Anton F. Solms, Jr., James W. Head*, for appellees.