## 45455. HODGES v. YOUMANS et al.

ARGUED JULY 9, 1970—DECIDED SEPTEMBER 24, 1970.

*Fritts & Silverman, David H. Fritts,* for appellant.

*Bouhan, Williams & Levy, Charles H. Wessels, George H. Chamlee, Joseph B. Bergin, Anton F. Solms, James W. Head, Perry Brannen,* for appellees.

EVANS, Judge. R. Bernard Hodges, as plaintiff, filed suit in the Superior Court of Chatham County against Fred Wessels, Jr., Elinor Jackson, and 21 other defendants, alleging a conspiracy on their part to injure and damage him respecting his construction of a trailer court. It is alleged that Wessels used his office as county commissioner to further the conspiracy, and harassed, humiliated and embarrassed plaintiff; that although the property was zoned for construction of such a trailer park, and although Wessels knew the property was involved in litigation, that he used his office as commissioner "oppressively, maliciously, corruptly, and outside the authority of the law," in issuing a "stop work order," and in voting to revoke his permit to construct the trailer park, and, when he failed in this endeavor, then voted to deny plaintiff a business license, seeking to accomplish the same result in such maneuver, to wit: to prevent plaintiff's construction and operation of a trailer court in Chatham County. Plaintiff's action was brought in four counts, and sought damages for loss of rental, general damages, punitive damages, and attorneys' fees.

This is the second appearance of this case in this court. In the

case of *Hodges v. Youmans,* 120 Ga. App. 805 (172 SE2d 431) this court reversed the lower court for dismissing plaintiff's complaint. When the remittitur was returned to the lower court, two of the defendants, to wit: Elinor Jackson and Fred Wessels, Jr., immediately submitted motions for summary judgment in their behalf, attaching in support thereof their affidavits, and upon hearing same, the lower court granted said motions for summary judgment.

■ The principal thrust of the defendant Elinor Jackson is that she was not a party to the litigation in the lower court which sought an injunction against Hodges to stop the construction of the trailer park. Plaintiff caused interrogatories to be served upon her to which she did not file an answer, albeit her attorney attempted to answer for her, stating in his affidavit annexed thereto that Elinor Jackson was convalescing from surgery and was unable to answer at the time. This is not a sufficient excuse for not answering. Her attorney did not move for an order granting additional time in which to answer as is provided for in Ga. L. 1966, pp. 609, 641, 646 (*Code Ann.* §§ 81A-130, 81A-133). Actually she was in default. Moreover, the answer filed on her behalf by her attorney of record contained nothing which justified her position. Her attorney by affidavit in support of her motion simply deposed that she was not named as a party in the equitable action for injunction, and was therefore not properly included in the conspiracy. But this is a non sequitur. She could have been a conspirator or a joint conspirator without being a party to the original equitable action. Nothing is shown in her behalf which authorized a summary judgment. The answer filed by her attorney admitted that she was interested along with the other defendants, authorized her signature and gave her consent "to the use of her name in papers to be filed in opposition to the construction of the trailer park." A conspiracy may be proved by circumstances alone. This movant has failed to carry the burden of showing there is no genuine issue as to any material fact. Since substantial issues of fact remain for determination by a jury, the lower court erred in granting her motion for summary judgment.

■ As to the defendant Wessels, plaintiff's petition alleges that he acted from improper motives and with malice in trying to pre-

vent plaintiff's construction and operation of a trailer park, and that despite Wessels' knowlege that plaintiff had expended considerable sums in completing 75% of the work involved, that said Wessels continuously interfered with said project and harassed plaintiff in various and sundry ways, including using his office as county commissioner to this end, and interfering with the project even while it was involved in litigation in the courts. The affidavit submitted by Wessels in support of his motion for summary judgment admits that he had "heard" the property was involved in litigation. Consequently, it was incumbent upon him to make an adequate investigation as to the exact status of the property in such litigation before injecting himself or his office into the matter. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry mighh have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." *Code* § 37-116.

Wessels' affidavit further shows that he used the office of commissioner in the matter by voting to revoke the building permit previously granted plaintiff. An injunction was sought against Hodges as to the construction of the trailer park by a number of petitioners, and Wessels then issued a "stop work order" directed against Hodges and said project. But the superior court, upon a hearing, refused to grant a temporary injunction, and Hodges' attorney so advised Wessels. The county commissioners then met and Wessels moved to deny a business license to Hodges for the operation of said project. His rather unusual explanation of his conduct here is that "The matter was in a great state of controversy and that until all other obstacles were resolved the business license would be of no value to Mr. Hodges." But plaintiff's contentions were that he had no obstacles other than those created and placed as a roadblock in his pathway by Wessels and the other co-conspirators.

The very able brief of counsel for Wessels lays stress on the judicial or quasi-judicial capacity in which it is contended Wessels acted as a member of the county commission and urges that this places him within the pale of immunity. But immunity of a public official goes only so far and no further. As was held in the case of

*Vickers v. Motte,* 109 Ga. App. 615, 617 (137 SE2d 77): "It is the general rule that public officers, *when acting in good faith and within the scope of their duty,* are not liable to private action. This immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another.* In the latter case, they are responsible for a violation of their duty. *McClellan v. Carter,* 30 Ga. App. 150, 151 (117 SE 118). 'The law is well settled that where public officials are "acting within the scope of their duties and exercising a discretionary power, the courts are not warranted in interfering, unless fraud or corruption is shown, or the power or discretion is being manifestly abused to the oppression of the citizen." *City of Atlanta v. Holliday,* 96 Ga. 546 [23 SE 509].'" The petition against Wessels clearly alleges that Wessels as commissioner was acting within the *exception* to the general rule as laid down in the foregoing authorities and was not acting in good faith. Wessels' affidavit fails to negate the above and many other allegations of the petition in this respect. For instance, in paragraph 38 of the petition, it is alleged that "the defendants herein . . . retained the services of the same attorney to oppose the issuance of the 1969 business license to plaintiff. That their action was *illegal, malicious and without any legal standing,* that they knew this, and that it was their intention to harm plaintiff, and their action to this extent has been successful." The only denial of malice by defendant Wessels as contained in his affidavit is that his issuance of the *stop work order* was not malicious, his affidavit reciting: "This step (the stop work order), predicated upon the above-mentioned facts, was taken by me solely for the benefit of all of the parties concerned with no malice, and was a sincere attempt on my part to exercise the duties of my office for the best interest of all." Thus there is no denial of malice respecting the opposition to the 1969 business license; there is no denial of the allegation that defendant *knew* that his actions were illegal and without legal standing and that it was "their intention to harm plaintiff," all as alleged in paragraph 38.

Further, although the gist of this action is as to the damage to plaintiff's property, to wit, his trailer park, yet the defendant Wessels simply swears "at no time during this controversy did I

ever conspire with anyone to cause injury to Mr. Hodges or his wife . . ." He failed to state whether he conspired to injure plaintiff's *property,* and such failure will be construed most strongly against him. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442): "The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence." Again, plaintiff's petition alleges in paragraph 46 that defendants used threats of arrest to coerce plaintiff to discontinue the construction of his trailer park, and the affidavit fails to deny such allegation.

The foregoing are some, but not all, of the instances wherein defendant's affidavit was insufficient to warrant summary judgment in his behalf.

Respecting the "stop work order" issued by the single county commissioner and the status of that document, we know of no rule which authorizes the issuance of any such order, nor has any law been cited in the briefs of the parties. But even if there is such authority, here the defendant Wessels admitted he was aware the case was in litigation in court when he issued the stop work order, and that he issued the same for the purpose of stopping the construction pending the outcome; and admitted that he was interested in the litigation and the stopping of the trailer park construction which was alleged to be an illegal conspiracy on the part of all of the defendants.

This act (of issuing a stop work order) cannot be construed as a judicial or legislative act because it was issued by one commissioner only, to wit: the defendant Wessels, and not while the board was sitting in a regular or special session. See *Code* § 23-905: "The board shall exercise such powers as may be construed as legislative or judicial only when sitting in regular or special session with a quorum of the board present."

The plaintiff's affidavit recited that he was "constructing the trailer park pursuant to the authority of a building permit issued by the proper authority of Chatham County" and "That as a result of the issuance of the stop-work order and other acts on the part of defendant Fred Wessels, Jr., deponent's rights were violated and he was damaged."

While the defendant Wessels deposed that everything he did in the premises was based on what he honestly believed to be his duties as a county commissioner, nevertheless, the facts alleged against him, including those admitted to have been committed by him, were such that a jury could have determined that he acted in furtherance of a conspiracy with the other defendants, and that his conduct was not in good faith. All of these issues should properly be determined by a jury, and the lower court erred in granting the motion for summary judgment on behalf of the defendant Wessels.

*Judgment reversed. Deen, J., concurs. Hall, P. J., concurs in Division 1 and in the judgment.*