## 28932. BLACKSTONE INDUSTRIES, INC. et al. v. ANDRE et al.

Nichols, Presiding Justice.

Carolyn Annette Andre and Christine Lee Green filed the present action seeking an injunction and damages allegedly resulting from a civil conspiracy to force them from leased premises where they operated a beauty shop. Some of the defendants were dismissed by the trial court and no appeal taken. Motions to dismiss, treated as motions for summary judgment, of other defendants were overruled and after a certificate of immediate review was granted, the present appeal was filed.

The sole enumeration of error complains that the trial court erred in overruling the appellants' motions for summary judgment on the ground that the "documentary evidence submitted by appellants established that all appellants' motions for summary judgment should have been sustained as a matter of law and that there is no issue of fact to be tried before a jury."

The judgments of the trial courts showed that the court "considered the pleadings, depositions, affidavits, and all evidence submitted in support and in opposition to the motion."

Whether or not the trial court permits the introduction of oral evidence on the hearing of a motion for summary judgment is a matter within the sound discretion of the trial judge. See *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 178 (166 SE2d 593). Here the trial court did permit the introduction of oral evidence and there was no objection by the appellants. The denial of the summary judgments was based in part upon the oral evidence.

" 'To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two

or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And anyone, after a conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . . as if he had been an original member.' 1 Eddy on Comb. § 368. *Woodruff v. Hughes,* 2 Ga. App. 361, 365 (58 SE 551); *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585); *Horton v. Johnson,* 192 Ga. 338, 346 (15 SE2d 605)." *Cook v. Robinson,* 216 Ga. 328 (5) (116 SE2d 742).

The evidence, including the oral evidence adduced upon the hearing for summary judgment, did not demand the finding, as contended by the appellants that their motions for summary judgment should have been granted.

The evidence to support the contention that the building was untenantable was opinion evidence. Opinion evidence would not authorize the grant of a summary judgment. See *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211, 213 (167 SE2d 395).

If indeed the building was in need of repair, could it be done without the plaintiffs moving out? If so, it was the responsibility of the landlord to make such repairs under the terms of the lease. There was evidence that such repair was not feasible and that the building was beyond economical repair. Whether the repair was economically feasible for the landlord was not the question, rather, his responsibility under the lease.

The statements made by the president of the owner of the building in the presence of the plaintiffs' customers, the action of procuring a demolition permit, the statements made by the employee when the permit was posted, all create a jury question as to whether a conspiracy existed to unlawfully evict the plaintiffs from the leased premises prior to the termination of the lease. The trial court did not err in overruling the appellants' motions for summary judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 24, 1974 — DECIDED SEPTEMBER 6, 1974.

*Falligant, Doremus, Karsman, Kent & Toporek,*
*Stanley Karsman, Smith & Portman,* for appellants.
*John J. Sullivan, Joseph B. Bergen,* for appellees.