### 49734. PLUNKETT et al. v. AVERY et al.

WEBB, Judge.

T. V. Woodall wished to establish a cemetery in the Atlanta area and contacted Lanier Plunkett, d/b/a Plunkett Commercial Properties, for assistance in assembling real property for the venture. Larry Oldknow was a real estate agent employed by Plunkett. As a result of an arrangement to acquire properties for Woodall through the Plunkett brokerage firm, two sales contracts were executed for the purchase of realty of M. Lester Avery and M. L. A. Corporation. These contracts were on standard real estate sales forms and recited that the purchase price was "to be paid as follows: cash at closing." The sales were never closed because Avery and M. L. A. Corporation, the sellers, were advised that Woodall did not have the financial ability to purchase unless he could obtain financing.

Avery and M. L. A. Corporation, of which Avery was president, sued Woodall, Plunkett, and Oldknow in three counts. Counts 1 and 2 sought relief against Woodall only, and Count 3, which alleged a conspiracy to defraud, sought damages from all three defendants. Plunkett and Oldknow moved for summary judgment, which was denied, and they now appeal to this court with a certificate for immediate review. *Held:*

We must reverse. It is well settled that where civil liability is sought to be imposed for a conspiracy, the conspiracy of itself furnishes no cause of action and the gist of the action, if one exists, is not the conspiracy alleged but the tort committed against plaintiff and the resulting damage. Many of the cases so holding are collected in 5A Georgia Digest, Conspiracy, key No. 6.

The purported tort here is fraud. In attempting to plead fraud, the petition alleges only: "That at all times relevant, the defendant Woodall and the defendant Oldknow and, thus, the defendant Plunkett as the employer and master of defendant Oldknow, did conspire to defraud your plaintiffs in that they *prepared and allowed* the plaintiffs to enter into the subject contracts knowing full well that defendant Woodall had no means, desire or intent to purchase the subject properties and knowing full well that the plaintiffs, in good faith, relied on the contracts and misrepresentations to their detriment and damage." (Emphasis supplied.)

No false representation on the part of Oldknow and Plunkett is alleged, even in conclusory form, and the record is clear that they did not represent that Woodall had the cash to close the contracts. All the petition alleges is that they prepared the contracts and allowed the plaintiffs to enter into them. However, the record shows that prior to a zoning hearing, Avery produced a contract form from his pocket, demanded that it be entered into at that time, and dictated its terms. Avery himself refused to permit the insertion of a "subject to financing" clause and demanded a "clean contract, no contingencies."

Thus not only does the petition fail to allege any false representation, which the record shows was never made by appellants here, but the record affirmatively disproves the allegations that are made. Consequently the judgment must be reversed.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark and Marshall, JJ., concur. Deen, P. J., Evans and Stolz, JJ., dissent.*

SUBMITTED OCTOBER 2, 1974 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 7, 1975.

*Wall, Campbell & Fuller, Hilton M. Fuller, Jr.,* for appellants.

*Dewberry & Avery, C. Richard Avery,* for appellees.

EVANS, Judge, dissenting.

T. V. Woodall wished to establish a black cemetery in the Atlanta area, and contacted Lanier Plunkett, doing business as Plunkett Properties, for assistance in obtaining property for the venture. Larry R. Oldknow was a real estate agent employed by the above real estate broker. As a result of an arrangement to acquire properties for Woodall through the Plunkett brokerage firm, two sales contracts were executed for the purchase of realty of M. Lester Avery and M. L. A. Corporation. These contracts were on standard real estate brokerage forms of Plunkett for "cash at closing." The sales were never closed because the sellers were advised that Woodall did not have the financial ability to purchase unless he could obtain financing.

Avery and M. L. A. Corporation, of which Avery was president, sued Woodall, Oldknow and Plunkett in three counts. Only Count 3 is here involved, which seeks damages alleged to have resulted from the conspiracy to defraud plaintiffs, and alleging that defendants knew full well that Woodall had no desire, intent or means with which to complete the transactions when the sales contracts were executed. Plaintiffs alleged that there was exercised the utmost good faith on plaintiffs' part, to their detriment and damage. Plaintiffs prayed for general and punitive damages, and attorney fees in Count 3.

Defendants answered, and denied liability. After discovery, defendants Oldknow and Plunkett moved for summary judgment, which was denied. On appeal to this court the majority hold that summary judgment should have been granted as to these two defendants. I disagree.

The subtleties of conspiracy, fraud and deceit are such that the issues of misconduct, as well as good conduct, are questions to be decided by a jury, even when based upon apparently trivial circumstances. Code § 37-706; *Eberhardt v. Bennett,* 163 Ga. 796, 802 (137 SE 64); *Grainger v. Jackson,* 122 Ga. App. 123, 128 (2) (176

SE2d 279); *Hodges v. Youmans,* 122 Ga. App. 487, 493 (177 SE2d 577), and 129 Ga. App. 481, 482 (2), 483 (3) (200 SE2d 157). The evidence shows defendants collectively did everything possible to induce and prevail upon plaintiffs to execute the contracts. The question as to whether they knew that defendant Woodall had no ability to purchase the property for cash, and the questions of conspiracy, fraud and deceit are issues that must be determined by a jury.

One of the major premises of the majority is that: "All the petition alleges is that they [defendants] prepared the contracts and allowed the plaintiffs to enter them." (Which language is also found in Paragraph 14 of Count 3 of the complaint.) The majority contend that such allegations do not *comply with the requirements of Code Ann. § 81A-109 (b) as to fraud.* The complaint alleges that all of the defendants conspired to injure plaintiff, which, of course, makes the act of each defendant imputable to the other two defendants. See *Wall v. Wall,* 176 Ga. 757 (168 SE 893).

When the language taken from Paragraph 14 of Count 3 above is read in connection with other allegations of the complaint, notably Paragraphs 3, 6, 8, 9, 10 and 12 of Count 3, the following plainly appears.

Defendant Oldknow, unsolicited, contacted plaintiff and advised that he had a client who was interested in purchasing the property of plaintiffs; following which defendant Woodall agreed that he would purchase said properties; and as a part of the transaction plaintiffs were requested by defendants not to resist the zoning of said property; that plaintiffs expected defendants to comply with the agreement and to consummate said purchases, and in consequence sold one of his houses and caused the tenant to vacate the premises; defendant Woodall again assured plaintiff there was no problem as to the closing of his agreement to purchase; later plaintiff tried to locate defendant Woodall, and went to defendant Oldknow, who at first denied knowing the whereabouts of Woodall, but then admitted Woodall's office was in the same complex as his own office, and stated he did not think the sales would be consummated; that when plaintiff confronted Woodall, he was told by defendant Woodall that he could not obtain

financing and he therefore had no intention of purchasing plaintiffs' tracts of land.

While Code Ann. § 81A-109 (b) provides that as to averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity," the allegations above are amply sufficient. And it must be remembered that under the CPA, the complaint must be construed most favorably towards the pleader (*Harper v. DeFreitas,* 117 Ga. App. 236 (160 SE2d 260); *Hunter v. A-1 Bonding Co.,* 118 Ga. App. 498 (164 SE2d 246)); and further that in motions for summary judgment the entire record must be construed most favorably towards the party opposing such motion. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); and *McCarty v. National Life,* 107 Ga. App. 178 (129 SE2d 408).

Quite recently (on the 6th day of September, 1974), the Supreme Court of Georgia, in the case of *Blackstone Industries v. Andre,* 232 Ga. 715 (208 SE2d 815), denied defendants' motion for summary judgment and made the following pronouncement as to *conspiracy,* to wit: ". . . but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement . . . It [proof of conspiracy] is sufficient that two or more persons in any manner, either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And anyone, after conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . . as if he had been an original member. [Cits.]"

I agree with the majority that the *conspiracy itself furnishes no cause of action, but here the conspiracy and the acts committed in consequence of the conspiracy are alleged,* and afford the basis of plaintiff's action in this case.

The majority imply that certain facts were admitted in the depositions, but at page 118 of the record (deposition) these facts were denied by the plaintiffs. The record does not affirmatively disprove the allegations that plaintiff made. The testimony of Woodall admits he was not to finance the transaction; and represented the Hicks brothers who were financing him; and were using him for a front to get options on all the land. Both the

pleadings and the evidence bring this case clearly within the ruling on conspiracy in *Blackstone Industries v. Andre,* 232 Ga. 715, supra, which holds that summary judgment should not be granted.

I therefore would affirm the lower court in denying the motion for summary judgment.

I am authorized to state that Judges Deen and Stolz concur in this dissent.