### 76508. BOATWRIGHT v. MAYOR & COUNCIL OF FLEMINGTON.
#### (377 SE2d 1)

SOGNIER, Judge.

Larry Boatwright brought suit against the mayor and council of the city of Flemington, Georgia, alleging the city had improperly denied him a business license for the continued operation of a garage on leased premises within the city. The trial court granted the defendants' motion to dismiss the complaint for failure to state a claim, and Boatwright appeals.

The record reveals that appellant previously had been denied a business license temporarily for being in violation of city ordinances, and that the reason given for the instant denial of a business license to operate the garage was appellant's failure to remedy violations of city ordinances despite repeated requests to do so. The ordinances in question prohibit the storage of inoperative vehicles on the property in excess of 30 days and the parking of vehicles within 20 feet of the public intersection. Although mention is made of appellant's failure

to provide sanitary facilities on the property, that failing was properly directed to the owner of the property leased by appellant, and is not listed by appellees as a reason for the denial of the business license in their answer to appellant's interrogatories.

1. We note that although, as appellees correctly point out, the complaint initially sought to compel the city to issue to appellant a 1987 business license, stating a claim in the nature of mandamus, the record shows that under the pretrial order, which supersedes the complaint, OCGA § 9-11-16 (b), the plaintiff sought only damages for the failure to issue the license, thereby bringing this appeal within the jurisdiction of this court. Accordingly, we do not address any of the parties' contentions regarding the superseded claim.

2. Appellant contends the trial court erred by dismissing his complaint for failure to state a claim because the city's actions amounted to an inverse condemnation and a taking of property without just compensation. This contention is meritless. The ordinances in question are within the municipality's police power. See OCGA § 36-60-9. " 'The police power is that inherent and plenary power in the state over persons and property, when expressed in the legislative will, which enables the people to prohibit all things inimical to the comfort, safety, health, and welfare of society, and is sometimes spoken of as the law of overruling necessity.' [Cit.] . . . It is not to be confused with the power of eminent domain, under which property is acquired for the making of public improvements upon condition that the owner be compensated for the taking or damaging of his property. 'This police power or the law of overruling necessity is not controlled by the constitutional limitation that private property shall not be taken for public use without compensation, which was not designed for, and should not be extended to such cases.' [Cits.] . . . 'Uncompensated obedience to a regulation enacted for the public safety under the police power of the State is not a taking or damaging without just compensation of private property . . .' [Cit.]" *McCoy v. Sanders*, 113 Ga. App. 565, 566-567 (148 SE2d 902) (1966).

3. Appellant also maintains that his alleged violations of the ordinances had been previously known and permitted, and thus the allegations of ordinance violations were pretextual, in an effort to drive him out of business. Although the issuance of a permit or license is a governmental function, see *City of Thomson v. Davis*, 92 Ga. App. 216 (1) (88 SE2d 300) (1955), which would render appellees immune from liability from its performance when acting in good faith within the scope of their duty, "[t]his immunity is not extended to them when they do things not authorized by law, or act in a wanton or *malicious* way and with *intent to injure the property of another.* In the latter case, they are responsible for a violation of their duty. [Cit.]" *Hodges v. Youmans*, 122 Ga. App. 487, 491 (177 SE2d 577)

(1970). "Good faith, like conspiracy is always a question for the jury. Even though the party may swear he acted in good faith, the jury may decide he acted in bad faith from consideration of facts and circumstances in the case." (Emphasis omitted.) *Hodges v. Youmans,* 129 Ga. App. 481, 483 (3) (200 SE2d 157) (1973).

While it may eventually appear, in the course of this case, that the only true object of appellant's allegations is the city itself, as urged by the dissent, such a finding by this court at this time would be premature. Appellant has styled his complaint against the mayor and the council. Under Georgia law, we have notice pleading and we cannot now say whether appellant can show facts which support his claim against these parties. We are here reviewing the trial court's grant of appellees' motion to dismiss the complaint for failure to state a claim, and it is well established that a " 'pleading should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief.' [Cit.]" *Rothstein v. L. F. Still & Co.,* 181 Ga. App. 113, 114 (2) (351 SE2d 513) (1986). In the case at bar, it is not outside the realm of possibility that appellant could prove a set of facts supporting his allegation that appellees acted in bad faith. Such facts, if proven, would support a cause of action for damages. Consequently, the trial court erred by dismissing the complaint for failure to state a claim.

*Judgment reversed. Birdsong, C. J., and McMurray, P. J., concur. Banke, P. J., and Benham, J., concur specially. Deen, P. J., Carley, Pope and Beasley, JJ., dissent.*

BANKE, Presiding Judge, concurring specially.

I agree with Judge Carley that the mayor and members of the city council were sued solely as the governing authority of the city and not as individuals. None of them are identified by name in the complaint; and although the mayor was served, it is clear under the circumstances that he was served only as agent for service of the governing authority. Both the complaint and the pre-trial order entered in the case consistently refer to the defendant as either "the city" or "the governing authority of the city," and the pre-trial order further specifies that "the names of the parties as shown in the caption . . . are correct and complete and there is no question by any party as to the misjoinder or nonjoinder of any parties."

Nevertheless, I agree with the majority that the complaint should not have been dismissed. The gist of the appellant's claim, as summarized in the pre-trial order, is that the city acted arbitrarily and capriciously in refusing to issue him a business license. I believe such an allegation is sufficient to state a claim for relief under 42 USC § 1983. Although a municipality cannot be held liable for damages under §

1983 on a respondeat superior theory, it may be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict the injury" for which relief is sought. *Monell v. New York City Dept. of Social Svcs.*, 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611) (1978). See also *Martinez v. California*, 444 U. S. 277, 284 (100 SC 553, 62 LE2d 481) (1980) (holding that state immunity law affords no defense in a § 1983 action); *Owen v. City of Independence*, 445 U. S. 622, 650 (100 SC 1398, 63 LE2d 673) (1980) (holding that a municipality sued under § 1983 cannot acquire qualified immunity from liability by asserting the good faith of its officials as a defense); *Patsy v. Bd. of Regents of Fla.*, 457 U. S. 496 (102 SC 2557, 73 LE2d 172) (1982) (holding that exhaustion of state administrative remedies is not an absolute prerequisite to bringing a § 1983 action). Thus, although the city may easily be able to establish in the present case that it did not act arbitrarily or capriciously in failing to issue the appellant a business license, I would hold that complaint is not subject to dismissal at this juncture for failure to state a claim.

I am authorized to state that Judge Benham joins in this special concurrence.

CARLEY, Judge, dissenting.

I fully concur in Divisions 1 and 2 of the majority opinion. However, I cannot agree with Division 3 of the majority opinion, nor with the reversal of the order dismissing the complaint for failure to state a claim. In order to place this case in its proper perspective with respect to the doctrine of sovereign immunity, it must be emphasized that the underlying action was against the City of Flemington. Although the defendant was styled as "Mayor and Council of the City of Flemington," the only defendant is the city, and neither the mayor nor members of the council were joined as defendants. Thus, I respectfully submit that the majority has misplaced its reliance upon *Hodges v. Youmans*, 122 Ga. App. 487 (177 SE2d 577) (1970). In *Hodges*, the plaintiff "filed suit . . . against Fred Wessels, Jr., Elinor Jackson, and 21 other defendants, alleging a conspiracy on their part to injure and damage him respecting his construction of a trailer court." Likewise, in *Vickers v. Motte*, 109 Ga. App. 615 (137 SE2d 77) (1964) upon which *Hodges* relied, Mr. Vickers was joined as a party defendant on the basis of allegations that *he* had improperly acted "under the color of his office." *Vickers v. Motte*, supra. The only averments of the complaint in this case are that *the city* has acted improperly vis-a-vis the plaintiff. "Accordingly, from the allegations of the [complaint] it appears that the [city] in doing the acts complained of here was engaged in the exercise of its police power, *although in an improper manner*, which power is one of its governmen-

tal functions. [Cits.]" (Emphasis supplied.) *City of Thomson v. Davis,* 92 Ga. App. 216, 218-219 (88 SE2d 300) (1955).

Notwithstanding the only operative averments of the complaint as above pointed out, the majority concludes that "we cannot now say whether appellant can show facts which support his claim against these *parties*." (Emphasis supplied.) (Majority opinion, page 678) The record unequivocally shows that there are *no* other "parties." The city was collectively sued as "Mayor and Council of the City of Flemington." The only party designated to be served and the only party served was O. C. Martin, Jr., the Mayor of the City of Flemington. However, even Mayor Martin was not named as a defendant to the civil action. Accordingly, contrary to the majority's conclusion, I believe that it *is* "outside the realm of possibility that appellant could prove a set of facts supporting his allegation that [any individual defendant] acted in bad faith." (Majority opinion, page 678) This is so simply because there are no individual defendants.

I also cannot agree with the portion of the special concurrence which would find that a claim has been stated on the basis of 42 USC § 1983. The special concurrence states: "The gist of appellant's claim, *as summarized in the pre-trial order,* is that the city acted arbitrarily and capriciously in refusing to issue him a business license." (Emphasis supplied.) (Special concurrence, p. 678) There was *no* pre-trial order entered in this case. A *proposed* pre-trial order was filed the day before the court granted the motion to dismiss, but that "proposed" order was not signed by the court.

However, even if the language in the "proposed" order were to be considered, there still would be absolutely no hint of a § 1983 claim in this case. "In order to state a claim under 42 USC § 1983 the plaintiff must allege that the defendant is a person who deprived him of a constitutional right while acting under color of state law or custom." *Davis v. City of Roswell,* 250 Ga. 8, 9 (295 SE2d 317) (1982). "We interpret 42 USC § 1983 to create a cause of action, cognizable by the courts of this state, based upon acts which are in implementation of an *intentional policy,* adopted or ratified by the governing body of a public agency, which acts work deprivation of a constitutional right." (Emphasis in original.) *City of Cave Spring v. Mason,* 252 Ga. 3, 4 (310 SE2d 892) (1984). The complaint does not even attempt to state a claim upon which relief can be granted on the basis of 42 USC § 1983.

Therefore, the trial court correctly determined that the complaint failed to state a claim upon which relief could be granted. *Murphy v. ACLU of Ga.,* 258 Ga., 637, 638 (4) (373 SE2d 364) (1988). The judgment of the trial court should be affirmed, and I respectfully dissent.

I am authorized to state that Presiding Judge Deen and Judge

Pope join in this dissent.

BEASLEY, Judge, dissenting.

I respectfully dissent as it appears that we do not have jurisdiction of this appeal. As my brother Judge Carley notes, the pretrial order was not entered. So whatever relevancy it would have to the claim had it been entered, it is of no significance in consideration of the allegations of the unamended complaint, which the trial court concluded failed to state a cognizable claim against "Mayor and Council of the City of Flemington," the defendant as styled by plaintiff.

That leaves us with the complaint. It alleges in part that plaintiff "has no remedy at law and prays that the Court require that the City issue him a business license, so that he can conduct his business." In his prayer for relief, he repeats the demand "that the City be required to give him a business license and stop harassing him."

Thus, plaintiff clearly seeks equitable relief as well as money damages. "Unless otherwise provided by law, the Supreme Court of Georgia "shall have appellate jurisdiction of . . . All equity cases; . . . ." Ga. Const. 1983, Art. VI, Sec. VI, Par. III. No law provides us with jurisdiction of this type case, and it should be transferred lest we exceed our powers.

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED DECEMBER 20, 1988 — 

*John E. Pirkle*, for appellant.
*James W. Smith*, for appellees.