## 51134. MIXON et al. v. PHOENIX LANDSCAPING, INC.

QUILLIAN, Judge.

Plaintiff filed an action seeking damages arising out of termination of a contract between Ken Partiss Construction Company and plaintiff for landscaping. Plaintiff alleged that the defendants "conspired with each other in order that Ken Partiss Construction Company would breach the contract it had with Phoenix Landscaping, Inc. in order to reissue this same contract to defendant, Charles Mixon and/or Charles Mixon

Landscaping, Inc." Defendants denied the existence of a conspiracy to terminate plaintiff's contract and Charles Mixon and Charles Mixon Landscaping, Inc. moved for summary judgment. Defendants supported their motion by affidavit of Charles Mixon in which he expressly denied any conspiratorial act to procure a breach of the contract. Plaintiff's evidence consisted principally of circumstantial evidence showing presence of defendant Mixon at the contract site on March 9, 1974, his discussions with the project manager of defendant, an old friend of Charles Mixon, on different occasions, a subsequent trip to California — alleged to have been paid for by Ken Partiss, to view and photograph a landscaping project in which Ken Partiss was interested in copying, and notice of termination of the contract on March 18, 1974. Workers of the Mixon firm were on the contract site on the afternoon of March 18. According to Mixon they were "cleaning up." According to plaintiff they were "planting plants belonging to" plaintiff. The trial court denied the motion for summary judgment. Defendant has appealed to this court. *Held:*

Civil conspiracy is an act which is by its very nature covert and clandestine, and usually not susceptible of proof by direct evidence. Concert of action, amounting to a conspiracy, may be shown by circumstantial as well as direct evidence. *Hodges v. Youmans,* 122 Ga. App. 487 (1) (177 SE2d 577); *Patterson v. State,* 199 Ga. 773 (7) (35 SE2d 504). Whether the facts shown established a conspiracy is a question of fact for the jury. *Mitchell v. State,* 202 Ga. 247 (1) (42 SE2d 767). Applying the rule that the party opposing the motion for summary judgment is entitled to all reasonable doubts and favorable inferences that may be drawn from the evidence ( *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442)), where there is some evidence — albeit circumstantial, from which a jury may infer existence of the fact to be proved, and this circumstantial evidence is in conflict with direct evidence of the movant, this conflict is sufficient to raise an issue required to be submitted to the triers of fact. *Fletcher Emerson &c. Co. v. Davis,* 134 Ga. App. 699 (4) (215 SE2d 725). The court did not err in denying summary judgment for the defendants. *Hodges v. Youmans,* 122 Ga. App. 487,

supra; *Thompson v. Bolton Chev. Co.,* 125 Ga. App. 369 (187 SE2d 574).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Submitted September 4, 1975 — Decided October 24, 1975.

*Flournoy & Still, Charles A. Evans,* for appellant.
*Autrey & Field, Charles Field,* for appellee.