74864. FIRST FEDERAL SAVINGS BANK et al. v. HART et al.
(363 SE2d 832)

McMURRAY, Presiding Judge.

Plaintiffs Hart and Raulerson sought damages for fraud and deceit in connection with their purchase of certain real property known as Marshview Condominiums. Plaintiffs originally alleged that misrepresentations were made in response to their inquiries concerning problems with settlement of building foundations and that structural problems resulting from the settlement of the foundations were concealed from them.

The original defendants were SELLS, a general partnership and its partners, defendants Ellzey, E. W. Lewis, W. B. Lewis, and Smith. These defendants sold Marshview Condominiums to plaintiffs and a third purchaser, who is not named as a plaintiff in this action as his interest in the condominiums was transferred to plaintiffs.

Subsequently, plaintiffs were permitted to add as parties defendant First Federal Savings Bank ("First Federal") and its wholly owned subsidiary First Shelter Corporation ("First Shelter"). Defendant First Federal provided financing for the original construction of the condominiums and also financed the purchase of the condominiums by plaintiffs. Defendant First Shelter Corporation was formed by First Federal to do appraisals and construction loan supervision. As to the Marshview Condominiums, First Shelter contracted to act as construction supervisor for the benefit of the SELLS partnership but ceased this role over a year prior to the purchase and sale of Marshview Condominiums. Plaintiffs allege that defendants First Federal and First Shelter conspired with the other defendants to conceal all sign of structural defects in the condominium from prospective purchasers to the end that plaintiffs might successfully be induced to purchase the condominiums.

Defendants First Federal's and First Shelter's joint motion for summary judgment was denied. Thereafter, we granted the application of these two defendants for interlocutory appeal to review the denial of their motion for summary judgment. (Hereafter these two defendants, First Federal and First Shelter, only shall be referred to jointly as appellants.) *Held*:

1. Plaintiffs do not allege that appellants made affirmative repre-

sentations to them about the presence or lack of settlement in the buildings. Thus, any cause of action by plaintiffs against appellants must be predicated upon one of two arguments by plaintiffs. First, plaintiffs argue that, as a matter of law, appellants were under a duty to disclose their knowledge as to the defects in the condominiums to plaintiffs. The second argument is predicated upon plaintiffs' allegations of a conspiracy between appellants and the other defendants. If there is any evidence of such a conspiracy any misrepresentations made by the other defendants to plaintiffs would be imputed to appellants.

There was no confidential relationship requiring the communication of any knowledge of appellants regarding the condition of the condominiums to plaintiffs. A creditor has no duty to determine or to advise its debtor of the status of the collateral involved. *General Motors &c. Corp. v. Bowen Motors*, 167 Ga. App. 463, 468 (2) (306 SE2d 675).

2. "A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. *Foster v. Sikes*, 202 Ga. 122, 125 (42 SE2d 441). ' "Accurately speaking, *there is no such thing as a civil action for conspiracy.* There is an action for damages caused by acts pursuant to a formed conspiracy, but none for the conspiracy alone. While the crime of conspiracy may be committed without doing any overt act in pursuit of the combination, no civil liability is incurred for the conspiracy, but only for the overt acts of the conspirators." 5 R. C. L. 1901, § 41. "Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done." (Cits.)' *Jones v. Spindel*, 113 Ga. App. 191, 193 (147 SE2d 615). Accord *Sims v. Mayflower Apts.*, 130 Ga. App. 695, 700 (5) (204 SE2d 358)." *Shelton v. Bowman Transp.*, 140 Ga. App. 248, 249 (1) (230 SE2d 762).

" 'Civil conspiracy is an act which is by its very nature covert and clandestine, and usually not susceptible of proof by direct evidence. Concert of action, amounting to conspiracy, may be shown by circumstantial as well as direct evidence. (Cits.)' *Mixon v. Phoenix Landscaping, Inc.*, 136 Ga. App. 344, 345 (221 SE2d 225) (1975). It is not necessary to prove an express agreement or compact among the wrongdoers; their common design may be inferred from the nature of the acts done, the relation between them, their mutual interests in the matter, and other circumstances. *Cook v. Robinson*, 216 Ga. 328 (5) (116 SE2d 742) (1960); *Nottingham v. Wrigley*, 221 Ga. 386, 388 (144 SE2d 749) (1965)." *Prescott v. Carithers*, 158 Ga. App. 366, 367 (1) (280 SE2d 361).

However, the law does not authorize a finding that conspiracy ex-

ists merely because of some speculative suspicion and while the question of conspiracy is generally one for a jury, the mere fact that conspiracy has been alleged does not require submission of the question to a jury where there is no evidence of record that the alleged conspirators either positively or tacitly came to a mutual understanding to accomplish an unlawful end or to accomplish a lawful end by an unlawful means. *Sachdeva v. Smith*, 167 Ga. App. 80 (306 SE2d 19). In the case sub judice, there is evidence of appellants' relationship with the SELLS partnership during the development of the condominium project. During this period a controversy involving the structural problems arose between appellants and the SELLS partnership which had retained a law firm in regard to the matter and were threatening litigation. Certainly the sale of the condominium project and the consequential lifting of this threat was of benefit to appellants. While this and other circumstances in the voluminous record may arouse one's suspicions, we find no evidence of mutual understanding between appellants and the remaining defendants, the SELLS partnership and its individual partners. Therefore, the trial court erred in refusing to grant the joint motion for summary judgment submitted by appellants (defendants First Federal and First Shelter).

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 15, 1987 — 

*Terry A. Dillard, Bryant H. Bower, Jr.*, for appellants.
*Grayson P. Lane*, for appellees.