A90A0647. CALLAHAN et al. v. PANFEL et al.
(395 SE2d 80)

BANKE, Presiding Judge.

This appeal is from a judgment entered on a jury verdict awarding the appellees attorney fees and other damages based on the appellants' refusal to return an earnest money deposit owed to them.

In May 1985, the appellees, Mark Panfel and Scott Roberts, entered into a contract to purchase an apartment complex which was being offered for sale through appellant Northside Realty Associates and appellant Michael Callahan, who was a sales agent in Northside's employ. At this time, the appellees paid Northside an earnest money deposit in the amount of $10,000. The contract specified that "if sale, due to buyer's default, wilful or otherwise is not consummated, then said earnest money shall be refunded."

The sale was not consummated, and in August 1985 the appellees demanded the return of the earnest money deposit. Following a period of unsuccessful negotiations to save the deal, the appellees, by letter to appellant Callahan dated September 4, 1985, and by separate letter to the employee in charge of Northside's escrow accounts, again demanded the return of the deposit. When the money was not returned, the appellees filed an action against the appellants and the sellers alleging, among other things, that Northside had made certain fraudulent misrepresentations in connection with the negotiations and had wrongfully refused to return the earnest money in accordance with the terms of the contract. Northside responded by interpleading the earnest money into the registry of the court, asserting that it was "in great doubt" as to whether the buyers or the sellers were entitled to the funds; and a consent order was subsequently entered directing that the funds be returned to the appellees. The trial court thereafter granted summary judgment to all of the defendants in the action with respect to the appellees' remaining claims, including their claim for damages based on the appellants' wrongful refusal to return the earnest money. On appeal, this court reversed the grant of summary judgment on the latter claim, holding that the contract was unambiguous with respect to the appellees' entitlement to the return of the earnest money and that "Northside was not entitled to interpleader as justification for withholding disposition of the funds in accordance with the contract." *Panfel v. Boyd*, 187 Ga. App. 639, 643 (2) (b), 644-645 (371 SE2d 222) (1988). The case was then returned to the trial court for trial on this claim, resulting in a verdict against Callahan for $1 and a verdict against Northside for $426 in

general damages, $1 in punitive damages and $6,072 in litigation expenses. *Held*:

1. The appellants contend that the trial court erred in directing a verdict in favor of the appellees on the issue of liability. However, inasmuch as this court expressly held in the prior appearance of the case that Northside had no legal basis for withholding the money, see *Panfel v. Boyd*, supra, 187 Ga. App. at 644-5, we must agree with the appellees that the court had no choice but to direct a verdict in their favor on this issue. See generally OCGA § 9-11-60 (h); *Gober v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 498 (2) (382 SE2d 106) (1989). The trial court similarly did not err in allowing the jury to consider evidence of the appellees' litigation expenses and attorney fees and in allowing their claim for such expenses and fees to go to the jury. See generally OCGA § 13-6-11. Callahan admitted during the trial that there had been no competing claims to the earnest money on the part of the sellers, and this court concluded in the prior appeal that there was "no foundation in law as to create a reasonable doubt as to [Northside's] safety in undertaking to dispense the earnest money in accordance with the clear terms of the contract." *Panfel v. Boyd*, supra at 644. Under the circumstances, the jury was authorized to determine that there had been no bona fide controversy concerning the appellees' entitlement to the return of the money. Accord *Perfect Image v. M & M Elec. Constructors*, 191 Ga. App. 605, 607 (2) (382 SE2d 405) (1989); *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432, 437 (301 SE2d 493) (1983).

2. The appellants contend that there was no proof as to the reasonableness of the attorney fees incurred by the appellees and that the $14,000 in attorney fees sought by them was unreasonable on its face, inasmuch as it exceeded the amount of the deposit. The appellees' evidence in this regard consisted of testimony showing the specific number of hours their attorney had worked on the claim, the hourly rates charged therefore, and opinion testimony that such rates were normal and customary. The appellants had a full and complete opportunity, which they exercised, to cross-examine the appellees' witnesses with respect to this testimony; and the jury awarded the appellees only $6,072 of the $14,000 sought. The amount of the actual award renders moot the appellants' contention that the amount of attorney fees originally sought by the appellees was excessive.

3. Northside contends that it was entitled to a directed verdict on the issue of punitive damages because the appellees presented no evidence of the type of wilful and wanton misconduct necessary to justify such an award, and because punitive damages may not, in any event, be awarded on a breach of contract claim. Inasmuch as only $1 in punitive damages was assessed, we are at a loss to understand why this issue is still being litigated on appeal. However, we hold that the

award was authorized. This was not an action to recover damages for breach of contract but to recover damages for the wrongful conversion of an earnest money deposit. See *Charter Mortgage Co. v. Ahouse*, 165 Ga. App. 497 (300 SE2d 328) (1983). "Although the evidence did not *demand* such a finding, [the appellees] presented some evidence that [the appellants] acted in bad faith in not releasing the funds to [them] when . . . [they] requested the money," with the result that "[a] jury question was presented as to the propriety of an award of punitive damages. [Cit.]" Id. at 499 (3).

4. Northside contends that the award of "general damages" was not authorized because it had already refunded the earnest money to the appellees prior to trial with interest at the legal rate of seven percent for the period the funds were wrongfully withheld, thus leaving the appellees with no actual damages to be recovered. This contention is without merit. "General damages are those which the law presumes to flow from a tortious act and may be awarded without proof of any specific amount to compensate plaintiff for the injury done him. [Cit.] The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages. [Cits.]" *Georgia Power Co. v. Womble*, 150 Ga. App. 28, 32 (3) (a) (256 SE2d 640) (1979). See also OCGA § 51-12-2 (a). " '(I)n Georgia, the term "nominal damages" is "purely relative, and carries with it no suggestion of certainty as to amount. . . ." (Cit.) Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, "vary almost indefinitely." (Cit.)' [Cit.]" *Jones v. Padgett*, 186 Ga. App. 362, 364 (4) (367 SE2d 88) (1988). See also *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 190 (3) (232 SE2d 62) (1977). Under the circumstances of this case, we hold that the $426 in "general damages" assessed against Northside was authorized as an award of nominal damages.

5. The appellants enumerate as error the admission of testimony by appellee Panfel to the effect that he would have been able to earn a 10-percent return on the earnest money during the period in question because that is what he was earning on his other investments at the time. The appellants contend that this testimony was inadmissible because the appellees were limited under OCGA § 7-4-2 to a recovery of interest at the legal rate of seven percent per annum, which they already had paid. However, we believe the admission of this testimony must be considered harmless inasmuch as Panfel offered no dollar estimate of the amount of additional interest which, in his opinion, he could have earned with the money, and inasmuch as no award of special damages was made in the case. See generally OCGA § 51-12-2.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

Decided June 12, 1990.

Smith, Gambrell & Russell, Harold L. Russell, Edward H. Wasmuth, Jr., for appellants.
Goldner, Sommers & Scrudder, Glenn S. Bass, for appellees.