A95A1332. R. R. R. LIMITED PARTNERSHIP
v. INVESTGUARD, LTD. et al.
(463 SE2d 735)

POPE, Presiding Judge.

Appellant/plaintiff R. R. R. Limited Partnership ("R. R. R.") appeals the grant of a directed verdict in favor of defendants Investguard, The Money Source and Stedry on the conspiracy count of its complaint.

The appeal arises from the following facts. R. R. R. and Rayek Abdo sued Miroslav Stedry (a mortgage broker), Investguard and The Money Source, alleging that Stedry, who owned and operated Investguard and The Money Source, persuaded Abdo that he could make profitable investments by making loans secured by real estate. According to the complaint, based on the defendants' advice, Abdo and R. R. R. made loans.

The complaint alleged that Stedry's wife was an attorney who represented Abdo and R. R. R. in connection with the loans. When the borrowers defaulted on the loans, the plaintiffs discovered that the property securing the loans was worth less than the loans. The complaint alleged that Ms. Stedry unethically, and without revealing her conflict of interest, sacrificed the interests of R. R. R. and Abdo to

those of her husband. The complaint also alleged that Stedry induced his wife to breach her fiduciary duties and that Stedry, the Money Source and Investguard breached their fiduciary duties and were negligent in their capacity as agents for Abdo and R. R. R. Although many of the complaint's allegations involved Ms. Stedry, she was not a party to the suit; the complaint stated that her alleged negligence and other wrongful actions were the subject of a separate suit.

R. R. R. and Abdo filed an amendment to the complaint, adding a conspiracy count. In the amended complaint, R. R. R. and Abdo alleged that the defendants had engaged in a pattern of racketeering activity and that the defendants had obtained money from them by extortion and blackmail. The amended complaint also alleged that Ms. Stedry's representation of Abdo and R. R. R. was, in several ways, violative of the disciplinary rules of the State Bar and that Mr. Stedry conspired with her to defraud the plaintiffs.

The case was tried to a jury; at the conclusion of the evidence, the court directed a verdict in defendants' favor on the conspiracy claim. The jury returned a verdict in favor of R. R. R. (to which Abdo's claims had been assigned) and against The Money Source for $63,975 and against Investguard for $498,600. No damages were imposed against Stedry.

The Money Source and Investguard filed a notice of appeal; they subsequently withdrew that appeal. R. R. R. filed a timely notice of cross-appeal; that appeal is the sole matter before us.

In its sole enumeration of error, R. R. R. claims that the court erred in directing a verdict on the conspiracy count. It contends that because Stedry was its agent and profited from the loans, it was improper for Stedry's wife to be involved in the transactions, and that as a result of Ms. Stedry's unrevealed conflict of interest, she did not sufficiently investigate the nature of the property securing the loans. R. R. R. further asserts that there was evidence of a conspiracy by which Stedry induced his wife to breach her duties to the plaintiffs. Citing *Grainger v. Jackson*, 122 Ga. App. 123 (2) (176 SE2d 279) (1970), R. R. R. argues that the law recognizes the difficulty of proving the existence of a conspiracy and that slight circumstances of conspiracy suffice to establish it.

"A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." (Citations and punctuation omitted.) *First Fed. Savings Bank v. Hart*, 185 Ga. App. 304, 305 (2) (363 SE2d 832) (1987). In granting the directed verdict, the trial court stated that a conspiracy to commit negligence was a "non sequitur." Although this statement is accurate, it is inapplicable to this case. "There can be no conspiracy without a purpose, express or implied, to do something unlawful, oppressive, or immoral. . . ." *Holland v. Sanfax Corp.*, 106 Ga. App. 1,

6 (2) (126 SE2d 442) (1962). In this case, the evidence authorized the jury to find that the Stedrys conspired with the purpose of defrauding R. R. R. and Abdo.

There was evidence that the Stedrys urged Abdo to make loans; that they assured Abdo that Stedry was an expert at this kind of business and that Ms. Stedry would be the closing attorney and would protect his legal interests. There was evidence that based on the Stedrys' advice, between December 1989 and July 1990, Abdo and R. R. R. loaned more than $3 million to four companies. There was evidence that the Stedrys told Abdo and R. R. R. that the security on the loans was worth more than it actually was; that when the loans went into default, R. R. R. and Abdo sustained losses of more than $1 million; that Stedry's companies received contingent loan fees from the loans of $191,475; and that Ms. Stedry did not disclose to Abdo and R. R. R. her large financial interest in the closings and the possibility that her professional judgment might be compromised. Because there was evidence from which a jury could conclude that the Stedrys had formed a conspiracy, the trial court erred in directing the verdict.

The fact that Ms. Stedry was not a party to the suit was not fatal to the complaint. The allegations were that the Stedrys were joint tortfeasors, and "joint tortfeasors are not indispensable parties in an action against one of them, because their liability is both joint and several." *Ekokotu v. Pizza Hut*, 205 Ga. App. 534, 537 (5) (422 SE2d 903) (1992). "Where several persons conspire to defraud another, one or all of the wrongdoers may be sued, and proof of the conspiracy renders the act of one in deceiving and defrauding the injured party the act of all." *Willson v. Appalachian Oak Flooring &c. Co.*, 220 Ga. 599, 609 (1) (140 SE2d 830) (1965).

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur. Beasley, C. J., disqualified.*

DECIDED NOVEMBER 7, 1995.

*Arnall, Golden & Gregory, Hugh W. Gibert, James W. Butler III*, for appellant.

*Brookins & Cook, O. Jackson Cook, Kyle A. Pearson*, for appellees.