A06A2313. DIERKES et al. v. CRAWFORD ORTHODONTIC
CARE, P.C. et al.
A06A2314. ATLANTA MOVERS, LLC v. DIERKES et al.
(643 SE2d 364)

PHIPPS, Judge.

Crawford Orthodontic Care, P.C., represented by McGuireWoods, LLP, executed a writ of possession to recover furnishings, fixtures and equipment from the dental office of Dr. J. Michael Dierkes. Dr. Dierkes's wife, Ellen Dierkes, objected during the repossession that some of the property belonged to her and another dentist, Dr. Ed Trizzino. At the direction of Crawford and McGuireWoods, Atlanta Movers, LLC, removed the items that Ms. Dierkes and Trizzino claimed to own, but later returned them. Ms. Dierkes and Trizzino sued Crawford, McGuireWoods, and Atlanta Movers for conversion, trespass to personalty, and injury to peace, happiness, and feelings. All parties moved for summary judgment. In a brief order that did not explain its rationale, the trial court granted the motions of Crawford and McGuireWoods and awarded summary judgment in their favor. The court denied the motions of Ms. Dierkes, Trizzino, and Atlanta Movers, ruling that the claims against Atlanta Movers would proceed.

In Case No. A06A2313, Ms. Dierkes and Trizzino appeal, arguing that the trial court should not have awarded summary judgment in favor of Crawford and McGuireWoods, and instead should have awarded summary judgment against them as to liability. In Case No. A06A2314, Atlanta Movers appeals, arguing that it was entitled to summary judgment on the conversion claims. We conclude that (1) the trial court erred by granting summary judgment to Crawford and McGuireWoods on the conversion claims; (2) Ms. Dierkes and Trizzino were not entitled to summary judgment as to liability on the conversion claims; (3) the court properly denied summary judgment to Atlanta Movers on the conversion claims; and (4) the court properly

granted summary judgment to Crawford and McGuireWoods on the claims of trespass to personalty and injury to peace, happiness, or feelings.

Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] We review de novo a trial court's ruling on a motion for summary judgment.[2]

Viewed in a light most favorable to Ms. Dierkes and Trizzino, the record shows that Dr. Dierkes bought a dental practice from Crawford in 1999, including dental equipment, supplies, and other assets. Crawford financed the purchase through a loan to Dr. Dierkes that was secured not only by the purchased assets, but also by any subsequently acquired "furnishings, fixtures and equipment." In December 2004, Crawford filed a personal property foreclosure action against Dr. Dierkes, alleging that he had defaulted on the loan and seeking possession of the collateral. The State Court of Cobb County issued Crawford a writ of possession for, among other things, "all . . . inventory, equipment, [and] fixtures . . . belonging to [Dr. Dierkes]."

In January 2005, Crawford representatives and three police officers went to Dr. Dierkes's office, along with employees of Atlanta Movers, to execute the writ of possession. After allowing Dr. Dierkes about an hour to conclude patient care, the marshals began the levy. A McGuireWoods lawyer and a Crawford representative pointed out items to be taken, and Atlanta Movers loaded them onto a truck. Ms. Dierkes arrived shortly after the levy began and protested that some of the items being removed belonged to her, and other items belonged to Trizzino. One of the police officers testified that, in light of the broad scope of the writ of possession, all the requested items were removed.

After the repossession, Dr. Dierkes filed a bankruptcy petition and sought the return of the repossessed property. Atlanta Movers returned the property. Ms. Dierkes testified that some of the items that belonged to her were returned in a damaged condition, and she submitted the affidavit of Brian Correll, who estimated that it would cost $1,080 to repair Ms. Dierkes's property. Trizzino's property incurred minimal or no damage.

1. Ms. Dierkes and Trizzino argue that Atlanta Movers' cross-appeal challenging the trial court's denial of its summary judgment motion is not properly before us because Atlanta Movers did not follow the discretionary appeal procedures set forth in OCGA § 5-6-34

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Ades v. Werther*, 256 Ga. App. 8 (567 SE2d 340) (2002).

(b). Ordinarily, a party appealing a denial of summary judgment must first obtain a certificate of immediate review and then apply for review in this Court.[3] That rule does not apply, however, when an appeal from a denial of summary judgment is "tied to the appeal of an appealable order or judgment."[4] Thus, we may properly consider Atlanta Movers' challenge to the trial court's summary judgment denial.[5]

2. Crawford, McGuireWoods, and Atlanta Movers (collectively, the defendants) sought summary judgment on the ground that Ms. Dierkes and Trizzino could not prove any damages from the alleged conversion. It appears that the trial court agreed with Crawford and McGuireWoods, as it granted their motion, but disagreed with Atlanta Movers, as it denied its motion. In their appeal, Ms. Dierkes and Trizzino argue that their claims should have survived summary judgment because they presented evidence of actual damages. Alternatively, they argue that they are entitled to nominal damages. In its cross-appeal, Atlanta Movers contends that actual damages are an essential element of conversion, and that Ms. Dierkes and Trizzino presented no admissible evidence of actual damages. We agree that Ms. Dierkes and Trizzino failed to present competent evidence of actual damages, but they may be entitled to nominal damages. Accordingly, summary judgment is not appropriate on the conversion claim.

(a) Conversion is "an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to her rights."[6] To make out a prima face case of conversion, a plaintiff must show that she has title to the property, that the defendant wrongfully possessed it, and that she demanded possession but the defendant refused to surrender it.[7] With respect to damages, the plaintiff may elect to recover (1) the property or its value, (2) damages only, or (3) the property and its hire.[8] In this case, the property was returned before suit was filed and Ms. Dierkes and Trizzino do not seek hire. Thus, their damages are limited to "recov-

---

[3] See OCGA §§ 9-11-56 (h); 5-6-34 (b).

[4] *Southeast Ceramics v. Klem*, 156 Ga. App. 636 (275 SE2d 723) (1980) (citation and punctuation omitted).

[5] See *Marathon U. S. Realties v. Kalb*, 244 Ga. 390, 392-393 (260 SE2d 85) (1979); *Executive Jet Sales v. Jet America*, 242 Ga. 307 (248 SE2d 676) (1978).

[6] *Habel v. Tavormina*, 266 Ga. App. 613, 615 (597 SE2d 645) (2004) (citation and punctuation omitted).

[7] *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 358 (2) (551 SE2d 765) (2001).

[8] OCGA § 44-12-151; *Howard v. Parker*, 163 Ga. App. 159, 160 (293 SE2d 548) (1982).

ery for the diminution in value of the property only for the time period between the alleged conversion and the property's return."[9]

The defendants contend that they are entitled to summary judgment on the conversion claims because Ms. Dierkes and Trizzino have no proof that the value of their property was diminished. Trizzino, who testified that his property was returned with little or no damage, makes no claim for actual damages. Ms. Dierkes, on the other hand, testified that her property was returned with various scratches and damages that had not existed before the repossession. To support her claim, she submitted Correll's affidavit estimating the cost of repairs at $1,080. Atlanta Movers contends that the affidavit is inadmissible because it lacks a proper foundation.[10] We agree.

Affidavits opposing a summary judgment motion must, among other things, "show affirmatively that the affiant is competent to testify to the matters stated therein."[11] Correll's affidavit did not meet this requirement. It merely stated that Correll "work[ed] with" a furniture repair business, that he had inspected Ms. Dierkes's furniture, and that he had given her an estimate to repair it. The affidavit did not show that Correll had the requisite experience or training that would enable him to offer a competent opinion about the cost of repairs.[12] In the absence of a proper foundation, the affidavit is not admissible.[13] Because Ms. Dierkes failed to submit any competent evidence of the alleged diminution in value of her property, she has no claim for actual damages.

(b) Ms. Dierkes and Trizzino contend that, even if they are not entitled to actual damages, they still may recover nominal damages. The defendants argue that proof of actual damages is an element of a conversion claim. We agree with Ms. Dierkes and Trizzino.

General damages are those which the law presumes to flow from a tortious act and may be awarded without proof

---

[9] *Lamb v. Salvage Disposal Co. of Ga.*, 244 Ga. App. 193, 196 (535 SE2d 258) (2000) (physical precedent only) (citation and punctuation omitted); see also *Walker v. Crane*, 243 Ga. App. 838, 841 (534 SE2d 520) (2000).

[10] The defendants moved to strike Correll's affidavit, but the trial court did not rule on their motion. Ms. Dierkes urges us not to consider the admissibility of the affidavit in light of the trial court's inaction. Although we generally refrain from addressing on appeal issues that the trial court has not ruled upon, see *Harvey v. Moore*, 186 Ga. App. 876, 877 (3) (368 SE2d 784) (1988), rev'd on other grounds, *Moore v. Mem. Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988), our review of the court's summary judgment ruling in this case requires a determination of whether Ms. Dierkes submitted competent evidence to support her conversion claim. Thus, we must examine the affidavit.

[11] OCGA § 9-11-56 (e).

[12] See *Hill v. Mercedes-Benz USA*, 274 Ga. App. 826 (619 SE2d 353) (2005).

[13] See id.

of any specific amount to compensate plaintiff for the injury done him. The law infers some damage from the invasion of a property right and if no evidence is given of any particular amount of loss, declares the right by awarding what it terms nominal damages.[14]

This principle applies to conversion cases.[15] The defendants cite conversion cases in which we affirmed summary judgment because the plaintiffs were unable to prove actual damages.[16] In those cases, however, the plaintiffs apparently did not seek nominal damages, and we did not address their availability.[17] Ms. Dierkes and Trizzino *do* seek nominal damages, and summary judgment on their conversion claims is therefore inappropriate. Consequently, we reverse the grant of summary judgment to Crawford and McGuireWoods on the conversion claims, and we affirm the denial of summary judgment to Atlanta Movers on those claims.

(c) Ms. Dierkes and Trizzino contend that the trial court erred by denying their motion for summary judgment as to liability on their conversion claims. But Crawford and McGuireWoods presented evidence from Dr. Dierkes's bankruptcy action suggesting that he — not Ms. Dierkes or Trizzino — owned the property in question. In light of this conflicting evidence, summary judgment was not warranted.

3. Ms. Dierkes and Trizzino argue that the trial court erred by granting summary judgment to Crawford and McGuireWoods on their claims for trespass to personalty under OCGA § 51-10-1. We disagree.

The statute in question is titled, "Right of action for deprivation of possession of personalty." It provides that "[t]he owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." By its plain terms, the statute provides a cause of action only when a property owner is deprived of the possession of his property. It follows that the owner must first have

---

[14] *Callahan v. Panfel*, 195 Ga. App. 891, 893 (4) (395 SE2d 80) (1990) (citations and punctuation omitted).

[15] See *Tilley v. Page*, 181 Ga. App. 98, 98-99 (1) (351 SE2d 464) (1986), overruled in part on other grounds, *Pitmon v. State*, 265 Ga. App. 655 (595 SE2d 360) (2004); *Cole v. Klassic Kuts & Kurls*, 169 Ga. App. 54 (311 SE2d 847) (1983).

[16] See, e.g., *Lawrence v. Russell*, 254 Ga. App. 793 (563 SE2d 884) (2002); *Walker*, supra; *Lamb*, supra.

[17] Compare *Page v. Braddy*, 255 Ga. App. 124 (564 SE2d 538) (2002). In that trespass and conversion case, we affirmed the trial court's refusal to award damages to the plaintiffs after a bench trial, even though the court found that the defendant had acted tortiously. We noted that the court did not err in failing to award nominal damages because the plaintiffs had not requested such damages in their complaint or during trial. Id. at 128.

*had* possession, or at least an expectation of obtaining such possession, before he can claim deprivation of it.

The evidence is undisputed, however, that Ms. Dierkes and Trizzino had loaned the items in question to Dr. Dierkes for use in his dental practice, with the understanding that Dr. Dierkes would use them as long as he needed them. Thus, neither Ms. Dierkes nor Trizzino possessed the items when the levy occurred, nor did they expect to regain possession of the items at any particular time. Under these circumstances, Ms. Dierkes and Trizzino have no claim under OCGA § 51-10-1, and the trial court properly granted summary judgment to Crawford and McGuireWoods.[18]

4. Ms. Dierkes and Trizzino also sought damages under OCGA § 51-12-6, which provides, "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors." They challenge the trial court's award of summary judgment to Crawford and McGuireWoods on this claim.

Crawford and McGuireWoods argue that damages under OCGA § 51-12-6 are not available in a claim for injury to property. We have held, however, that "under appropriate circumstances an action involving a tort to property can support a claim for wounded feelings under [OCGA] § 51-12-6."[19] But "[t]his statute may be invoked only where the *entire injury* is to the peace, happiness, and feelings of the complainant, not to her purse."[20] Because Ms. Dierkes claims that her furniture was damaged, she has no claim for injury to her peace, happiness, and feelings.

Trizzino does not allege property damage, but his OCGA § 51-12-6 claim fails for other reasons. First, as Crawford and McGuire-Woods argued to the trial court, Trizzino presented no evidence that, in executing the levy, they acted with a malicious, wilful, or wanton disregard for his rights. "If mental pain and suffering is not accompanied by physical injury or pecuniary loss, recovery is allowed only if the conduct complained of was malicious, wilful, or wanton."[21] Second, when Trizzino was asked at his deposition how he had been damaged, he responded, "Well, one, because [the property] was taken improperly from the office in the first place." Trizzino was then asked if he had been damaged in any other way, and he responded, "Me

---

[18] Atlanta Movers did not enumerate as error the trial court's denial of its motion for summary judgment on the trespass to personalty claims.

[19] *Brunswick Gas & Fuel Co. v. Parrish*, 179 Ga. App. 495, 497 (3) (347 SE2d 240) (1986).

[20] *Pickren v. Pickren*, 265 Ga. App. 195, 196 (593 SE2d 387) (2004) (footnotes omitted; emphasis in original).

[21] *Sanders v. Brown*, 178 Ga. App. 447, 450 (1) (343 SE2d 722) (1986) (citation and punctuation omitted); see also *Ryckeley v. Callaway*, 261 Ga. 828, 829 (412 SE2d 826) (1992).

personally, no." Thus, Trizzino has presented no evidence of any injury to his peace, happiness, and feelings.

The trial court properly awarded summary judgment to Crawford and McGuireWoods on the OCGA § 51-12-6 claims.[22]

*Judgment affirmed in part and reversed in part in Case No. A06A2313. Judgment affirmed in Case No. A06A2314. Smith, P. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 2007.

*Robert W. Hughes, Jr.*, for Dierkes et al.

*Downey & Cleveland, Joseph C. Parker*, for Crawford Orthodontic Care, P.C.

*Pendergast & Jones, Ezra B. Jones III*, for Atlanta Movers, LLC.

---

[22] Atlanta Movers does not challenge the trial court's denial of its summary judgment motion on the OCGA § 51-12-6 claim.